# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 13, 2021

Lyle W. Cayce
Clerk

No. 20-60806
Summary Calendar

Junior Ricketts,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A027 024 434

Before Haynes, Ho, and Wilson, *Circuit Judges*.

Per Curiam:*

Junior Ricketts petitions this court to review the administrative reinstatement of his prior order of removal. He challenges the determination by the immigration judge (IJ) that he was not credible and thus had not established a clear probability of persecution or torture if he were returned to

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60806

Jamaica.  Before this court, Ricketts contends that the asylum officer who conducted his reasonable fear interview failed to provide reasons for determining that he was not credible.  He maintains that the IJ failed to give adequate weight to his corroborating evidence.  Ricketts asserts that the IJ should have accepted his consistent testimony about the assaults and torture he suffered in Jamaica and that his prior assertions of United States citizenship did not call into question his credibility because he truly believed he was a citizen, even though the agency and the federal courts had ruled otherwise.  He insists that he should be allowed to seek relief under the Convention Against Torture (CAT) because a lack of credibility does not foreclose a request for such relief.

We review a factual finding that an alien is ineligible for withholding of removal or relief under the CAT for substantial evidence.  *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).[1]  "An IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the totality of the circumstances establishes that an asylum applicant is not credible."  *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009) (internal quotation marks and citation omitted).  We will "defer therefore to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Id.*

Ricketts has not shown that the record compels a finding that his testimony and evidence were credible.  *Id.* at 537.  Contrary to his contentions, the asylum officer provided reasons for determining that Ricketts was not credible.  Moreover, the credibility determination was

---

[1] The respondent suggests that a more deferential "facially legitimate and bona fide reason" standard of review should apply.  We decline to address this issue because Ricketts is not entitled to relief under the substantial evidence standard.

No. 20-60806

supported "by specific and cogent reasons derived from the record." *Zhang*, 432 F.3d at 344. Accordingly, Ricketts's petition for review is DENIED.